UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY W. MOORE,

       Plaintiff,

  v.                                            21-CV-1161-LJV
                                                  ORDER

UNITED STATES OF AMERICA, *et al.*,

       Defendants.
_____

      The *pro se* plaintiff, Jerry W. Moore, has filed a complaint against the United States of America, the United States of America Judiciary (the "judiciary"), and the General Services Administration ("GSA") (collectively, the "federal defendants"); the New York State Department of Transportation; and Kohn, Pedersen, Fox Associates, Inc., for alleged violations of the Architectural Barriers Act of 1968, the Americans with Disabilities Act of 1990 ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). Docket Item 1. He also has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and has filed the required affidavit. Docket Item 2.

      Because Moore meets the statutory requirements to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2), his motion is granted. Moreover, except for the claims addressed below, Moore's complaint presents "colorable claim[s]" and therefore survives screening under 28 U.S.C. § 1915(e)(2). *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial."

(citations omitted)); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) still may be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).

Moore's ADA claims against the federal defendants, however, are dismissed.  In the complaint, Moore alleges that the defendants violated Title III of the ADA.  *See, e.g.*, Docket Item 1 at 1, 5, 19.  Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  But Title III does not apply to the federal government; it applies only to private entities.  *See* 42 U.S.C. § 12181(7); *Morales v. New York*, 22 F. Supp. 3d 256, 266 (S.D.N.Y. 2014) ("A claim under Title III of the [ADA] can only be asserted against a private entity engaged in the provision of public accommodations, such as an inn, hotel[,] or private school."); *DeBord v. Bd. of Educ. of Ferguson-Florissant Sch. Dist.*, 126 F.3d 1102, 1106 (8th Cir. 1997) ( "Title III of the ADA applies to private entities providing public accommodations, . . . not to public entities."); *Bloom v. Bexar County*, 130 F.3d 722, 726 (5th Cir. 1997).  For the reasons just stated, Moore's ADA claims for violations of Title III against the federal defendants are dismissed with prejudice because amendment would be "futile."[1]  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

---

[1] In the complaint, Moore refers in passing to Title II of the ADA.  *See, e.g.*, Docket Item 1 at 1, 5.  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits

Moore's Section 504 claims against the United States and the judiciary also are dismissed with prejudice.  Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving [f]ederal financial assistance or under any program or activity conducted by any [e]xecutive agency."  29 U.S.C. § 794(a).  Because the judiciary is not an executive agency but rather an entirely separate branch of government, Section 504 is inapplicable to the judiciary, and Moore lacks a viable Section 504 claim against it.  Moore also lacks a viable Section 504 claim against the United States because the proper defendants in a Section 504 claim are those "receiving [f]ederal financial assistance" or an "[e]xecutive agency," not the United States itself.  Moore's Section 504 claim against the GSA, however, may proceed because the GSA is an executive agency.  *See* 40 U.S.C. § 301; *see also Payne v. Fed. Gov't*, 2016 WL 3356281, at *3 (N.D. Ill. June 17, 2016) (finding that the GSA, not the United States, was proper defendant in Section 504 action).

Finally, all Moore's claims against the New York State Department of Transportation are subject to dismissal.  Moore names the New York State Department

---

of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The ADA defines public entity as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority."  42 U.S.C. § 12131.  Thus, by definition, Title II of the ADA does not apply to the federal government or an agency, such as the federal courts or the GSA.  *See Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) (per curiam) (finding federal agency not liable under Title II of the ADA).  To the extent Moore intends to assert an ADA claim against the federal defendants for a violation of Title II, those claims are dismissed.

of Transportation as a defendant, *see* Docket Item 1 at 1, 3, but he does not raise any factual allegations against it. Instead, the complaint's references to the New York State Department of Transportation appear to be limited to the ways in which other defendants failed to comply with guidelines set by the New York State Department of Transportation. *See, e.g.*, *id.* at 8-10. Accordingly, the claims against the New York State Department of Transportation are subject to dismissal for failure to state a claim. But unlike his ADA claims against the federal defendants and his Section 504 claims against the United States and the judiciary, Moore may amend his complaint to allege, if possible, a viable claim against the New York State of Department of Transportation.

Moore is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each defendant so that the amended complaint stands alone as the only complaint that the defendants must answer.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that Moore's motion to proceed *in forma pauperis*, Docket Item 2, is GRANTED; and it is further

ORDERED that Moore's ADA claims against the federal defendants are dismissed and that Moore's Section 504 claims against the United States and the judiciary are dismissed; and it is further

ORDERED that Moore may amend his claims against the New York State Department of Transportation **within 45 days of this order**; and it is further

ORDERED that if Moore does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, his claims against the New York State Department of Transportation will be dismissed without further order, and the Clerk of the Court shall terminate the New York State Department of Transportation as a defendant to this action; and it is further

ORDERED that the Clerk of Court shall send to Moore with this order a copy of the original complaint, a blank non-prisoner complaint form, and the instructions for preparing an amended complaint; [2] and it is further

ORDERED that if Moore does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, complaint, and this order upon the federal defendants and Kohn, Pedersen, Fox Associates, Inc., without the plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

ORDERED that Moore's remaining motion for service, Docket Item 3, is denied as premature; and it is further

---

[2] The plaintiff is advised that he may be eligible for help in amending his complaint from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project. The program can be reached by calling 716-847-0662, ext. 340, and leaving a message. Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.

ORDERED that Moore shall notify the Court in writing if his address changes. The Court may dismiss the action if Moore fails to do so.

SO ORDERED.

Dated: April 13, 2022
Buffalo, New York

                                       */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE