UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY W. MOORE,

    Plaintiff,

  v.            21-CV-1161-LJV
                ORDER
UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____


  On October 27, 2021, the *pro se* plaintiff, Jerry W. Moore, filed a complaint

against the General Services Administration ("GSA"); the New York State Department of

Transportation ("NYSDOT"); and Kohn, Pedersen, Fox Associates, Inc. ("KPF"), for

alleged violations of the Architectural Barriers Act of 1968, the Americans with

Disabilities Act of 1990 ("ADA"), and Section 504 of the Rehabilitation Act of 1973.

Docket Item 1.  In a screening order under 28 U.S.C. § 1915(e)(2), this Court dismissed

Moore's claims under Titles II and III of the ADA against the GSA.  Docket Item 4.  The

Court also found that Moore's claims against the NYSDOT were subject to dismissal but

gave Moore leave to amend those claims.  *Id.*  Finally, the Court found that Moore's

remaining claims against the GSA and KPF could proceed to service.  *Id.*

  Moore then filed an amended complaint.  Docket Item 5.  This Court screened

Moore's amended complaint under 28 U.S.C. § 1915(e)(2) and found that Moore's

claims against the NYSDOT could proceed to service.  Docket Item 6.  The Court noted,

however, that "dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) still may

be appropriate notwithstanding [the C]ourt's earlier finding that the complaint was not

'frivolous' for purposes of section 1915(e)(2))."  Docket Item 6 at 2 (quoting *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995)).[1]

On April 20, 2023, the NYSDOT moved to dismiss the claims against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Docket Item 20.  Moore responded, Docket Items 23 and 24; the NYSDOT replied, Docket Item 25; and Moore sur-replied, Docket Item 26.  For the reasons that follow, this Court grants the NYSDOT's motion.

## FACTUAL BACKGROUND[2]

Moore alleges that he "called the Niagara Frontier Transit Authority ['NFTA'] Para Transit . . .—a Public Bus Transportation Service[]—and scheduled a . . . 'Pick Up' and 'Drop Off' at Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York[, for the morning of] October 7, 2021."  Docket Item 5 at 7 (emphasis omitted).  The NFTA transported Moore to the Jackson Courthouse and "circled the outer perimeter of the courthouse in search [of] an access point" to "drop off" and "unload[]" him "via a hydraulic 'LIFT.'"  *Id.* (emphasis omitted).  But, Moore says, "there

---

[1] Page numbers in docket citations refer to ECF pagination.

[2] In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  Similarly, "[i]n reviewing a facial attack to the court's jurisdiction [under Federal Rule of Civil Procedure 12(b)(1)], [the court] draw[s] all facts—which [it] assume[s] to be true unless contradicted by more specific allegations or documentary evidence—from the complaint and from the exhibits attached thereto."  *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

are structural barriers surrounding the entire courthouse at curbside and the sidewalk [that] prevent[ed] the driver from unloading [him] onto the sidewalk at the [c]ourthouse [m]ain [e]ntrance or any other area of the sidewalk."  *Id.*  Moore claims that those structural barriers "prevent[ed him] from equal opportunity to access and accommodations to public spaces and[] denied [him] reasonable access to court" on October 7, 2021, and October 27, 2021.[3]  *Id.* at 4, 7 (emphasis omitted).

With respect to the NYSDOT, Moore alleges that it "caused or was complacent during construction of [the] structural barriers that are violative of the [ADA]" at the federal courthouse.  *Id.* at 4.  More specifically, Moore says, the NYSDOT "permitted [the] physical barriers all around [the federal courthouse] that prevent wheelchair access from [the hydraulic] 'Lift.'"  *Id.*  According to Moore, the "NYSDOT had prior written notice of [these] defects . . . , as the [f]ederal [g]overnment did provide notice of the project and construction and specifications of the U.S. Courthouse," located at 2 Niagara Square in Bufffalo, New York.  *Id.* at 23.  Moore says that the NYSDOT's "failure to []force the property owners at []2 Niagara Square, Buffalo, [New York,] to consider the convenience of mobility of disabled persons and adequate accommodations" violated the ADA, the Architectural Barriers Act of 1968, and the "Complete Streets Act."  *Id.* at 4, 12, 26.

---

[3] Moore's allegations as to October 27 are not entirely clear, but they appear to raise the same claim as is alleged with respect to October 7.

## DISCUSSION

The NYSDOT first argues that Moore lacks standing to pursue a claim against it. *See* Docket Item 20-1 at 6-8.  To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).  "A plaintiff proceeding against multiple defendants must establish standing as to each defendant and each claim."  *Holland v. JPMorgan Chase Bank, N.A.*, 2019 WL 4054834, at *6 (S.D.N.Y. Aug. 28, 2019) (citing *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65-66 (2d Cir. 2012)).  The NYSDOT argues that Moore falls short as to the NYSDOT on all three prongs.

With respect to the first prong, the NYSDOT argues that Moore has not suffered an injury in fact because although he "claim[ed] he was twice denied access to the courts because of physical barriers surrounding the [f]ederal [c]ourthouse, his own *pro se* [c]ourt filings flatly contra[dict] these allegations."  Docket Item 20-1 at 7.  More specifically, the NYSDOT says that contrary to Moore's allegations that he was denied access to the courthouse on October 7 and 27, 2021, he successfully filed complaints in this Court on both of those dates.  *Id.*

Regarding the second prong, the NYSDOT argues that Moore has "not plausibly alleged any facts suggesting that [the] NYSDOT was responsible for [his alleged] injury."  *Id.*  And with respect to third prong, the NYSDOT says that Moore's "alleged injury at the hands of a federally designed and controlled building is not redressable by a favorable judicial decision."  *Id.* at 8.  Rather, even "[a]ssuming *arguendo* [that] some

4

features of the [f]ederal [c]ourthouse do not comply with the ADA or other similar laws,"
the NYSDOT says, "this Court cannot issue an order directing [the] NYSDOT to alter or
modify property, particularly federal property over which [the] NYSDOT has no
jurisdiction or operational control." *Id.*

This Court agrees that even if Moore can establish an injury in fact, he cannot
trace that injury to any conduct of the NYSDOT.  Instead, based on the allegations in
the amended complaint, Moore's injury is the result of the independent action of the
federal government.  *See Bennett v. Spear*, 520 U.S. 154, 169 (1997) (explaining that
for Article III standing, "it does not suffice if the injury complained of is 'th[e] result [of]
the *independent* action of some third party" (alteration in original) (quoting *Lujan*, 504
U.S. at 560-61)).  And for that reason, Moore has not plausibly alleged that any injury he
suffered is "fairly traceable to the challenged conduct of the [NYSDOT]."  *See Spokeo*,
578 U.S. at 338.

As the NYSDOT observes, "[t]he amended complaint repeatedly acknowledges
that the [f]ederal [c]ourthouse is, in fact, a federal building designed, constructed, and
maintained by the GSA (and not the NYSDOT)."  *Id.* at 7; *see* Docket Item 5 at 9-10
(referring to 2 Niagara Square as a "federal property"), 11 (stating that "[t]he [GSA] is
the [d]eveloper of the Robert H. Jackson United States Courthouse located at 2 Niagara
Square and as owners, buildings and/or developers, designed and constructed the
federal complex"), 25 ("Defendant [NYSDOT] has actual or constructive notice by the
fact that [n]otice of construction at U.S. Courthouse, 2 Niagara Square, Buffalo, [New
York,] was provided by the GSA (federal government)." (emphasis omitted)).   Moore
tries to link his claim to the NYSDOT by alleging that NYSDOT "is potentially liable for

failure to []force the property owners at (2 Niagara Square, Buffalo, NY) to consider the convenience of mobility of disabled persons and adequate accommodations and accessibility to sidewalks, crosswalks and curb ramps."  Docket Item 5 at 26 (emphasis added); *see also* Docket Item 20-1 at 8 (explaining that Moore "seems to argue that [the] NYSDOT is somehow responsible for any ADA-related design deficiencies with the [f]ederal [c]ourthouse because the environmental quality review process provided [the] NYSDOT with 'actual or constructive knowledge' that the structure was being built by GSA, and, at some later unspecified time, [the] NYSDOT failed to insist that GSA make design changes to that building").  But that argument falls short.

More specifically, although the complaint alleges that the NYSDOT had notice of the alleged deficiencies in the design of the federal courthouse, it does not suggest that the NYSDOT had any ability—let alone duty—to force the federal government to construct the courthouse property is any particular way.  Nor is there any reason to believe that is the case.  Thus, Moore "fails to provide any basis for concluding that the [federal government's] alleged [wrongdoing is] fairly traceable to anything [the NYSDOT] has actually done" or failed to do.  *See Pritsker v. McKee*, 692 F. App'x 662, 663 (2d Cir. 2017) (summary order) (finding that the plaintiff lacked standing to sue a Third Circuit judge for allegedly "'block[ing]" a ruling on [the plaintiff]'s motion or fail[ing] to force the assigned motions panel to decide the motion" where the plaintiff "concede[d] that [the judge] lacked the power to do either"); *see also Max v. Kaplan*, 2024 WL 276717, at *2 (2d Cir. Jan. 25, 2024) (finding that the plaintiff lacked standing to sue the Deputy Chief Administrative Judge of the New York City Courts because the "complaint plead[ed] no facts demonstrating that [the judge] ha[d] affirmatively

established a court practice, policy, or custom, or promulgated any guidance, instruction, or advice, permitting guardianship judges to engage in [the allegedly wrongful conduct]").

This is not a case like *Bennett v. Spear*, in which the Supreme Court found that the plaintiff's injury was fairly traceable to an opinion by the Fish and Wildlife Service that—while technically advisory—"in reality [had] a powerful coercive effect on the action agency." 520 U.S. at 169. Here, in contrast, there is simply no connection between anything the NYSDOT did and the alleged injury.[4] And for that reason, Moore lacks standing to sue the NYSDOT.

## CONCLUSION

Moore lacks standing to pursue his claims against the NYSDOT, and he has failed to state a claim upon which relief can be granted.[5] The NYSDOT's motion to dismiss, Docket Item 20, therefore is GRANTED, and the claims against the NYSDOT are DISMISSED.

---

[4] Additionally, as the NYSDOT observes, Moore "cites no authority (statute, regulation, case law, or other source) suggesting that [the] NYSDOT had or has a legal duty to ensure that a federal agency (GSA) complies with federal laws during a construction project on federal property." Docket Item 20-1 at 8. As such, his claim again the NYSDOT also fails under Federal Rule of Civil Procedure 12(b)(6).

[5] Because this Court finds that Moore lacks standing to assert his claims against the NYSDOT and that Moore has failed to state a claim, it need not address the NYSDOT's remaining arguments.

SO ORDERED.

Dated:   March 29, 2024
         Buffalo, New York

                                             ***/s/ Lawrence J. Vilardo***
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE